IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IVAN CLEVELAND,

    Petitioner,

v.

STATE OF CALIFORNIA, et al.,

    Respondents.

No. C 13-5005 SBA (PR)

**ORDER (1) VACATING DECEMBER 17, 2013 ORDER; (2) REOPENING ACTION; AND (3) DISMISSING ACTION WITHOUT PREJUDICE**

    This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus." Dkt. 1. On December 17, 2013, the Court dismissed the petition on the ground that Petitioner had not paid the filing fee or provided the proper forms in support of his in forma pauperis ("IFP") application. Dkt. 4.

    On January 15, 2014, Petitioner filed motion for reconsideration of the Court's December 17, 2013 Order. Dkt. 6. Petitioner claims that his delayed response to the Court's December 17 Order was not his fault because he submitted a request for prison officials to complete the proper forms in support of his IFP application, but they "dropped the ball." Id. at 1.

    The record shows that Petitioner filed a complete IFP application on November 25, 2013; however, his Certificate of Funds and six month statement were generated by prison officials almost two months later -- on January 17, 2014. Dkt. 7. These forms were then submitted to the Court on January 24, 2014. Id. In view of the record presented, the Court is persuaded that reconsideration is warranted.

    The Court now reviews the present petition below. Petitioner's motion for leave to proceed IFP is now granted. Dkt. 7.[1]

---

[1] Petitioner previously filed a habeas corpus action challenging his 2000 conviction and sentence rendered in the Los Angeles County Superior Court, which is in the venue of the Central District of California. See Case No. C 12-5298-SBA (PR). That action was transferred to the Western Division of the United States District Court for the Central District of California.

## **DISCUSSION**

The instant petition does not challenge either the fact of Petitioner's conviction or the length of his sentence. Rather, it pertains to the conditions of Petitioner's confinement. Such claims are typically presented in a civil rights action. See Moran v. Sondalle, 218 F.3d 647, 650-52 (7th Cir. 2000); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that a habeas action is an improper vehicle to address claims based on the prisoner's conditions of confinement. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

A district court may construe a habeas petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), but is not required to do so. Since the Wilwording case, there have been notable changes in the law. For instance, the filing fee for a habeas petition is $5.00; if leave to proceed in forma pauperis is granted, the fee is forgiven. In civil rights cases, however, the applicable fee is $400.00. Under the Prisoner Litigation Reform Act, the prisoner is required to pay the entire amount. Even if granted leave to proceed IFP, the prisoner must still pay the $350.00 filing fee (though not the $50.00 administrative fee), by way of deductions from his or her prisoner account. In addition, the pleading forms applicable to habeas actions are different than for a civil rights action. Thus, information that is important in a civil rights case (such as whether the prisoner fully exhausted his claims) is not included in a habeas

---

Dkt. 6 of Case No. C 12-5298 SBA (PR).

2

1  form petition.  Given these distinctions, the Court finds that the preferable course of action is
2  to dismiss the action without prejudice to Petitioner filing a civil rights action if he wishes to
3  do so in light of the above.  Accordingly, the instant action is DISMISSED without prejudice
4  to refiling as a civil rights action.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for reconsideration (dkt. 6) is GRANTED.

2. The Court's December 17, 2013 Order is VACATED.  The Clerk of the Court shall REOPEN this action.

3. Petitioner's application to proceed IFP (dkt. 7) is GRANTED.

4. The petition is DISMISSED without prejudice to refiling as a civil rights action.  The Clerk shall send Petitioner a blank civil rights form and the Court's prisoner IFP application form along with his copy of this Order.

5. This Order terminates Docket Nos. 6 and 7.

IT IS SO ORDERED.

DATED: 5/30/2014               
                                SAUNDRA BROWN ARMSTRONG
                                United States District Judge